FILED
2011 Dec-12  PM 03:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER LYNN ENGLISH-LENZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 11-G-1422-S |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The plaintiff, Jennifer Lynn English-Lenz, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits.  Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that

end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## DISCUSSION

The court has carefully reviewed the record and finds that the decision of the ALJ must be remanded for further development of the record. The plaintiff failed to appear at her ALJ hearing held September 25, 2009. The plaintiff's attorney was present, and informed the ALJ that he had received a call from the claimant about 45 minutes previously, informing him she was unable to get in contact with her friend who was to bring her to the hearing. The ALJ took testimony from a vocational expert at the hearing, and allowed plaintiff's attorney time to show good cause why plaintiff had missed the hearing.

Plaintiff's attorney wrote to the ALJ explaining the plaintiff's reason for missing the hearing. Record 163-64. The attorney explained in the letter that the plaintiff had planned to have a friend bring her to the hearing. The friend was to spend the night with the plaintiff in order to get her to the 9:30 a.m. hearing. However, the friend received a call the evening before the scheduled hearing, and returned home to deal with matters at home. The friend did not return. The plaintiff asserts that she started trying to find an alternate ride to the hearing at 5:00 a.m. on the day of the hearing, but was unable to find one. The plaintiff's attorney stated that the plaintiff does not drive, and that her

boyfriend, who usually provides her transportation, was ill and unable to do so on the date of the hearing.

On the date of the hearing, plaintiff's attorney represented to the ALJ that he had been called by the plaintiff approximately 45 minutes prior to the scheduled hearing. Record 44. The attorney further represented to the ALJ that he had instructed his secretary to get in touch with the plaintiff, if possible, and to inform her that his firm would pay someone to bring her to the hearing if she could find someone willing to drive her. Id. The attorney represented to the ALJ, that he had been informed ten minutes prior to the hearing that no one had been located to bring the plaintiff to the hearing. Id.

The ALJ found the plaintiff had not shown good cause because if she "had informed her attorney of the unanticipated failure of transportation arrangements in a timely manner, he or I could have arranged alternative transportation to the hearing." Record 18. He proceeded to issue a decision on the record, finding the claimant not disabled.

Based upon the above, the court finds that substantial evidence does not support the ALJ's finding that the plaintiff failed to show good cause for her failure to appear at the hearing. The plaintiff alleges disability in part due to mental illness, which should have been considered in determining whether she had good cause for failing to appear at the hearing. While the ALJ, or someone else without a mental illness, might have taken actions earlier to obtain alternative transportation, the plaintiff's failure to do so must be considered in light of her mental illness. Because the ALJ's finding of no

3

good cause is not supported by substantial evidence, his finding that the plaintiff's failure to appear constituted a constructive waiver of her right to appear and testify is not supported by substantial evidence. Accordingly, the decision of the ALJ will be reversed, and the action remanded for a new hearing.

An appropriate order will be entered contemporaneously herewith.

DONE this 12 December 2011.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.